UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAMINI JAMSCHID,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EMIRATES AIRLINES.<br><br>　　　　Defendant. | Case No. 1:25-cv-00066-KES-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT UNDER FED. R. CIV. P. 4(m)<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Namini Jamschid is proceeding with counsel in this civil action. (Doc. No. 1). For the reasons set forth below, the undersigned recommends the District Court dismiss Defendant from this action without prejudice pursuant to Federal Rule of Civil Procedure 4(m) and dismiss this action without prejudice for Plaintiff's failure to prosecute this action and/or comply with a court order.

**BACKGROUND**

Plaintiff initiated this action by filing a pro se Complaint on January 13, 2025. (Doc. No. 1). On March 21, 2025, the Clerk of Court issued summons for Defendant. (Doc. No. 4). On June 18, 2025, the Court reset the mandatory Initial Scheduling Conference to June 26, 2025, and directed the parties to file a joint scheduling report no later than June 30, 2025. (Doc. No. 5). On July 31, 2025, the Court issued an Order to Show Cause noting that more than 90 days had passed

1

after the filing of the Complaint, and it did not appear the Defendant had been served with a copy of the complaint and summons. (Doc. No. 6). Thus, the Court directed Plaintiff to show good cause within fourteen days why the Defendant should not be dismissed under Federal Rule of Civil Procedure 4(m) and/or the case be dismissed under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to prosecute the action. (*Id*.).

Plaintiff was expressly warned that failure to respond to the Order to Show Cause would result in a recommendation that the district court dismiss this action for failure to prosecute and failure to comply with the Order to Show Cause. (*Id*. at 2, ¶ 2). Plaintiff has not responded to the Order to Show Cause and the deadline to do so has long expired.[1] *See* docket.

## APPLICABLE LAW AND ANALYSIS

### A. Dismissal Under Federal Rule 4(m)

Plaintiffs in a federal civil case may serve individual defendants within a judicial district of the United States by either: (1) following state law service requirements in the state where the district court is located or where service is made; or (2) complying with any of the following federal requirements: (A) "delivering a copy of the summons and of the complaint to the individual personally;" (B) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (C) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e); *see also*, e.g., Cal. Civ. Proc. Code § 415.30 (listing the requirements for service by mail under California law). If, however, a defendant is not served within ninety days of filing the complaint, the court "on motion or on its own after notice to the plaintiff[,] must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant. *Id*.

Here, the summons and an order setting mandatory scheduling conference issued on March 21, 2025. (Doc. Nos. 3, 4). Plaintiff was informed that he was to "promptly file proof of

---

[1] More than 45 days have elapsed from the deadline for Plaintiff to respond to the Order to Show Cause.

2

service of the summons and complaint," and comply with Fed. R. Civ P. 4 regarding the requirement of timely serving the complaint." (Doc. No. 4 at 1-2). Plaintiff was also cautioned that failure to serve the summons and complaint may result in imposition of sanctions, including dismissal of unserved defendants. (*Id*. at 2). On July 31, 2025 Plaintiff was ordered to show cause why the Defendant should not be dismissed under Federal Rule of Civil Procedure 4(m), and Plaintiff was further cautioned that failure to respond to the order to show cause would result in the recommendation that the case be dismissed without further notice pursuant to Fed. R. Civ. P. 4(m).

At the time of this Order, more than 260 days have passed since the Complaint was filed on January 13, 2025. (*See* Doc. No. 1). Plaintiff has not served Defendant within the time period provided by Rule 4(m) and has not shown good cause to extend the time for service of process. Thus, the undersigned recommends that Defendant be dismissed from the action for failure to serve the Complaint in compliance with Fed. R. Civ. P 4(m).

**B. Dismissal Under Local Rule 110 and Federal Rule 41(b)**

This Court's Local Rules "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules). Here, Plaintiff was appraised that the Court would recommend dismissal as a sanction for failing to comply with a Court order. (*See* Doc. No. 6 at 2). Thus, the Court may dismiss this case pursuant to Local Rule 110.

Additionally, Federal Rule of Civil Procedure 41(b) permits the court to involuntarily

dismiss an action when a litigant fails to prosecute an action or fails to comply with other Rules or with a court order. *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted). In determining whether to dismiss an action under Rule 41(b), the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988). After considering each of these factors, the undersigned concludes dismissal without prejudice is warranted in this case. As to the first factor, the expeditious resolution of litigation is deemed to be in the public interest. *Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

Turning to the second factor, this Court's need to efficiently manage its docket cannot be overstated. This Court has one of the heaviest caseloads in the nation, and due to the delay in filling judicial vacancies, which was further exacerbated by the COVID-19 pandemic, operated under a declared judicial emergency through May 2, 2021. *See In re Approval of the Judicial Emergency Declared in the Eastern District of California*, 956 F.3d 1175 (9th Cir. 2020). This Court's time is better spent on its other matters than needlessly consumed managing a case with a recalcitrant litigant. The Court cannot effectively manage its docket when a litigant ceases to litigate his/her case or respond to a court order. Thus, the Court finds that the second factor weighs in favor of dismissal.

Delays inevitably have the inherent risk that evidence will become stale, or witnesses' memories will fade or be unavailable and can prejudice a defendant, thereby satisfying the third factor. *See Sibron v. New York,* 392 U.S. 40, 57 (1968). Thus, the third factor—risk of prejudice to defendant—weighs in favor of dismissal since a presumption of injury arises from the unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, the third factor weighs in favor of dismissal.

The fourth factor usually weighs against dismissal because public policy favors the

1   disposition of cases on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).
2   However, "this factor lends little support to a party whose responsibility it is to move a case
3   toward disposition on the merits but whose conduct impedes progress in that direction," which is
4   the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217,
5   1228 (9th Cir. 2006) (citation omitted).  Indeed, "trial courts do not have time to waste on
6   multiple failures by aspiring litigants to follow the rules and requirements of our courts."
7   *Pagtalunan*, 291 F.3d at 644 (Trott, J., concurring in affirmance of district court's involuntary
8   dismissal with prejudice of habeas petition where petitioner failed to timely respond to court
9   order and noting "the weight of the docket-managing factor depends upon the size and load of the
10  docket, and those in the best position to know what that is are our beleaguered trial judges.").
11  Further, the Court takes judicial notice of its files and notes that Plaintiff appears to be pursuing a
12  "disposition on the merits" of the same claims filed here in an action removed from Los Angeles
13  County Superior Court to the U.S. District Court for the Central District of California on July 5,
14  2025.  *See Jamschid v. Emirates Airlines*, 2:25-cv-05125-KS. Thus, this factor does not weigh in
15  Plaintiff's favor.

16   Finally, the Court's warning to a party that failure to obey the court's order will result in
17  dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;
18  *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424.  As noted above, the July 31, 2025
19  Order directing Plaintiff to respond to the show cause order, expressly warned Plaintiff that his
20  failure to timely comply would result in a recommendation of dismissal of this action.  (*See* Doc.
21  No. 6 at 2, ¶ 2).  Thus, Plaintiff had adequate warnings that dismissal could result from his
22  noncompliance.  And the instant dismissal is a dismissal *without* prejudice, which is a lesser
23  sanction than a dismissal with prejudice, thereby addressing the fifth factor.

24   After considering the factors set forth *supra* and binding case law, in the alternative, the
25  undersigned recommends dismissal, without prejudice, under Fed. R. Civ. P. 41 and Local Rule
26  110.

27   Accordingly, it is **RECOMMENDED**:
28   1.  Defendant be DISMISSED from this action for Plaintiff's failure to effectuate service

1     in compliance with Rule 4(m).

2     2. This action be DISMISSED without prejudice for Plaintiff's failure to prosecute this
3        case and/or obey a court order.

## NOTICE TO PARTIES

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:    September 30, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE